J-S44044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MANUEL M.M. ROSE, | : | |
| | : | |
| Appellant | : | No. 934 EDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0008699-2012

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2017**

Manuel M.M. Rose ("Rose") appeals from the judgment of sentence imposed following his conviction of criminal trespass—breaking into structure and theft by unlawful taking—movable property.[1]  We affirm.

Pursuant to the trial court docket, Rose was arrested on July 10, 2012, and charged with numerous offenses, including burglary, criminal trespass—breaking into structure, theft by unlawful taking—movable property, and criminal mischief—tampering with property.  Trial was initially scheduled for April 22, 2013, but was continued due to Rose's late Notice to the Commonwealth of an alibi defense.  The trial court rescheduled the trial to September 5, 2013, and indicated that it had given Rose the "[e]arliest possible date."  The trial court also ruled that the delay was excludable for

---

[1] *See* 18 Pa.C.S.A. §§ 3505(a), 3921(a).

Pa.R.Crim.P. 600 purposes.[2]  On September 5, 2013, the parties appeared before the court, and jury selection commenced.  However, the trial court terminated jury selection and cancelled the trial.  On September 9, 2013, the trial court granted Rose's Motion for a continuance to further consider a plea offer made by the Commonwealth.  The trial court ruled that the delay was excludable for Rule 600 purposes.  On September 16, 2013, Rose rejected the Commonwealth's plea offer.  Thereafter, the trial court scheduled the matter for trial on July 7, 2014.

On November 18, 2013, Rose filed a Motion to dismiss pursuant to Rule 600.  Rose filed additional Motions to dismiss pursuant to Rule 600 on April 4, 2014, and May 14, 2014.  On June 10, 2014, following a hearing, the trial court denied Rose's Motions to dismiss.

On July 3, 2014, the trial court conducted a pretrial conference, after which it continued the trial, and indicated that "[p]ossible non-trial disposition to be decided on 9/19/14."  The docket further reflects that, on September 19, 2014, the trial court granted Rose's Motion for continuance to conduct further investigation.  The trial court scheduled the matter for trial

---

[2] Rule 600 provides, in pertinent part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."  Pa.R.Crim.P. 600(A)(2)(a).  Per the associated computational guidance, periods of delay at any stage of the proceedings caused by the Commonwealth, when it has failed to exercise due diligence, are to be counted in the 365-day tally.  **See id**. 600(C)(1).  The rule further directs that "[a]ny other periods of delay shall be excluded from the computation."  **Id.; see also Commonwealth v. Mills**, 2017 Pa. LEXIS 1380, at *5 (June 20, 2017) (stating that periods of judicial delay are excludible from calculations under Rule 600).

on January 26, 2015, and ruled that the delay was excludable for Rule 600 purposes. On January 23, 2015, the trial court conducted a pretrial conference, at which Rose moved for a continuance based on his counsel's conflict of interest. The trial court granted Rose's Motion, appointed Rose new counsel, and scheduled a status conference regarding counsel for February 6, 2015. On February 6, 2015, the trial court granted Rose's Motion for a continuance for "possible non-trial disposition" of the case. On February 11, 2015, the trial court granted Rose's further request for a continuance based on the unavailability of newly appointed counsel. The trial court appointed Rose new counsel, and scheduled a status conference regarding counsel for March 2, 2015. On March 2, 2015, Rose was not brought to court from prison, due to a writ failure. Accordingly, the trial court rescheduled the status conference regarding counsel for March 18, 2015. On March 18, 2015, the trial court granted Rose's Motion for a continuance "to relist the case for further status." The trial court rescheduled the matter for trial on November 9, 2015, which was the "earliest possible date," and ruled that the delay was excludable for Rule 600 purposes. On November 9, 2015, Rose again moved for dismissal pursuant to Rule 600, which Motion the trial court denied. Rose thereafter waived his right to a jury trial. The trial court scheduled Rose's bench trial for November 10, 2015.

On November 10, 2015, following a bench trial, Rose was found guilty of criminal trespass and theft by unlawful taking, and not guilty on all other charges. On March 1, 2016, Rose was sentenced to an aggregate prison term of 18 to 36 months. Rose timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal.

On appeal, Rose raises the following issue for our review:

> Did not the [trial] court err in denying [Rose's M]otion to dismiss[,] pursuant to Pa.R.Crim.P. 600[,] because, including the time attributable to the conventional progression of a criminal case and the time attributable to the Commonwealth due to its non-diligent delay, and excluding the time not counted due to delay beyond the Commonwealth's control, more than 365 days had elapsed before [Rose] was brought to trial?

Brief for Appellant at 3.

We review Rose's Rule 600 argument according to the following principles:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600].

- 4 -

Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Armstrong*, 74 A.3d 228, 234-35 (Pa. Super. 2013) (citation omitted).

Rose contends that, because the Criminal Complaint was filed on July 10, 2012, the mechanical run date was July 10, 2013. Brief for Appellant at 7. Rose concedes that there is a period (136 days) of excludable time, from April 22, 2013 to September 5, 2013, which resulted in an adjusted run date of November 23, 2013. *Id*. Rose claims that the trial did not occur until 1,217 days after the Complaint was filed. Rose argues that the trial court erred by determining that he had caused all of the delays. *Id*. Rose contends that the docket reflects no requests by Rose for continuances, or other excludable time between the date of the Complaint and April 22, 2013 (the first trial date). *Id*. at 9. Rose asserts that all parties were ready for

trial on September 5, 2013, but the trial court, *sua sponte*, continued the trial to July 7, 2014, for the Commonwealth to make an offer to resolve both of Rose's open cases. *Id*. Rose claims that he had rejected all offers made by the Commonwealth, and did not request the continuance. *Id*.

Rose contends that, on July 3, 2014, the case was relisted for September 19, 2014, for a potential plea, with no finding of excludable time between July 7, 2014, and September 19, 2014. *Id*. at 10. Rose asserts that the trial court improperly denied his request to assign a trial date. *Id*. Rose claims that, on September 19, 2014, he was not transported from state custody to court for trial, and there is no record of the Commonwealth preparing a writ for his transfer. *Id*. Rose argues that the trial court erred when it "ruled that the continuance was a defense request and that the time until the next listed trial date of January 26, 2015, was excludable…." *Id*. Rose contends that the trial court permitted the public defender to withdraw from representation, due to a conflict of interest, and that the trial court thereafter appointed "a succession of three new attorneys, resulting in a delay until March 18, 2015, whereupon final trial counsel requested and was granted a trial date [on November 9, 2015]." *Id*. Rose asserts that the trial court erred by determining that this further delay was also attributable to the defense. *Id*.

In its Opinion, the trial court addressed Rose's issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court

Opinion, 9/14/16, at 2-5. We agree with the reasoning of the trial court, which is supported by the record and free of legal error, and affirm on this basis. *See id*.[3]

Judgment of sentence affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017

---

[3] In its Opinion, the trial court addressed only its June 10, 2014 Order denying Rose's Motions for dismissal, and did not address its subsequent denial of Rose's November 9, 2015, Motion for dismissal, or the trial court's denial thereof. Nevertheless, based on our review of the trial court docket, we conclude that all subsequent delays were not caused by the Commonwealth, and were properly excludable for purposes of Rule 600.

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :
                                       :

v.            CP-51-CR-0008699-2012 Comm. v. Rose, Manuel M M.
                     Opinion

MANUEL ROSE

934 EDA 2016

CP-51-CR-00086992012

7498966131

**OPINION**

**FILED**

**SEP 1 4 2016**

Appeals/Post Trial
Office of Judicial Records

## STATEMENT OF THE CASE

Defendant is seeking, dismissal of all charges, averring that the Court erred in denying his motion to dismiss all charges pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure (Pa.R.C.P.). Defendant's complaint is without merit.

## PROCEDURAL HISTORY

On July 10, 2012, Defendant was arrested and charged with numerous related charges including: Burglary[1], Criminal Trespass – Breaking into Structure[2], Theft by Unlawful Taking – Movable property[3]; and Criminal Mischief – Tampering with Property[4]. On November 10, 2015, at the conclusion of his waiver trial, Defendant was found guilty on the charges of Criminal Trespass and Theft by Unlawful Taking. Defendant was found not guilty on all other charges. On March 1, 2016, Defendant was sentenced to a period of confinement in a state correctional facility of 18 to 36 months on

---

[1] 18 Pa.C.S.A.§ 3502
[2] 18 Pa.C.S.A.§ 3503 §§ A
[3] 18 Pa.C.S.A.§ 3921 §§ A
[4] 18 Pa.C.S.A.§ 3304 §§ A

the charge of Criminal Trespass. On the remaining charge of Theft by Unlawful Taking, the Court made a finding of guilt without further penalty.

On March, 1, 2016, Defendant timely filed a notice of appeal to the Superior Court of Pennsylvania. On April 11, 2016, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On May 13 2016, Defendant timely filed his "Statement of Errors Complained of on Appeal." In his Statement of Errors Complained of on Appeal Defendant raises only one issue, namely:

a. The lower court erred and abused its discretion by failing to grant appellant's Motion to Dismiss under Pennsylvania Rule of Criminal Procedure 600(g) where the Commonwealth failed to bring appellant to trial within the period provided by the rule and presented no evidence of due diligence.

## DISCUSSION OF THE ISSUES RAISED

## I. DENIAL OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 600 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE WAS PROPER.

Defendant raises only one issue on appeal, namely the court erred in denying his motion to dismiss pursuant to Rule 600. Defendant's complaint is without merit.

Pennsylvania Rules of Criminal Procedure (Pa. R. Crim. P.), at Rule 600 (A) provide in part that; "(2) Trial shall commence within the following time periods. (a) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on

2

which the complaint is filed." Rule 600 further provides at "(C) Computation of Time. (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation."

The Court is not unmindful of the Commonwealth's obligation to exercise due diligence in bringing a matter to trial within the Rule 600 time limit. "To protect the defendant's speedy trial rights, Rule 600 ultimately provides for the dismissal of charges if the Commonwealth fails to bring the defendant to trial within 365 days of the filing of the complaint (the 'mechanical run date'), subject to certain exclusions for delays attributable to the defendant. Pa.R.Crim.P. 600(A)(3), (G). Conversely, to protect society's right to effective prosecution prior to dismissal of charges, 'rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control.'" *Commonwealth v. Bradford*, 46 A. 3d 693, 701 (Pa. 2012) (Internal citations omitted) "A Rule 600 motion requires a showing of due diligence by a preponderance of the evidence for the Commonwealth to avail itself of an exclusion. Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010) (Internal citations omitted)

In considering a Rule 600 Motion, "the Court must distinguish between 'excludable time' and 'excusable delay'. Excludable time is that time delay occasioned

3

by the defendant's own actions as characterized under Rule 600(C). Excusable delay is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004)

The complaint in this case was filed on 7/10/2012 resulting in a mechanical run date of 7/09/2013. On 5/13/14, Defendant filed a motion to dismiss pursuant to Rule 600. A hearing was held and the motion was denied on 6/10/2014.

The hearing proceeded as follows:

"**THE COURT:** We don't have to go – I'm not going to go through the docket date by date.

**ASSISTANT D.A.:** Okay.

**THE COURT:** So the DA's position is that, since all continuances are court and defense continuances, there's no excludable time – or just the opposite, all the time counts against you, so that we're still well within the 365 days, that's the section we're proceeding under?

**ASSISTANT D.A.:** Yes, Your Honor, according to the motion.

**DEFENSE ATTORNEY:** Yes, Your Honor.

**THE COURT:** Do you see any Commonwealth continuances there?

**DEFENSE ATTORNEY:** No, I do not. No.

**THE COURT:** So, then, how do I grant your motion?

**DEFENSE ATTORNEY:** Well, I have another motion after Your Honor decides on this.

**THE COURT:** Well, this is the written motion that you filed and is listed today; right?

**DEFENSE ATTORNEY:** Right.

**THE COURT:** When I say, "motion," I'm talking about the written motion filed for a hearing today on 600A, and you said that's the only thing you're proceeding on; right?

**DEFENSE ATTORNEY:** Yes.

**THE COURT:** Okay.

**THE DEFENDANT:** Excuse me; Your Honor.

**THE COURT:** So Rule 600A motion is denied." (N.T. pgs.10-12)

4

The underlying consideration behind any decision pursuant to Rule 600, in balancing the competing principals of protecting a defendant's right to speedy and protecting society's right to effective prosecution prior to dismissal of charges, is the exercise of due diligence by the Commonwealth. *Commonwealth v. Bradford*, 46 A.3d 693 (Pa. 2012) "In the absence of actual misconduct on the part of the Commonwealth specifically calculated to evade the fundamental speedy trial rights of an accused, the applicable speedy trial rule must be construed in a manner 'consistent with society's right to punish and deter crime.'" *Commonwealth v. Preston*, 904 A.2d 10 (2006).

It is clear that throughout the progression of this matter, Defendant vacillated back and forth between whether to accept a non-trial disposition accounting for a number of continuances and rescheduling. Additionally, the docket reflects that on numerous occasions Defendant required new counsel, further delaying the trial process.

The Court finds that the Commonwealth brought this case to trial well within the appropriate time period and that Defendant did not suffer prejudice as a result of any delay sufficient to warrant the dismissal of the charges against him pursuant to Rule 600.

## CONCLUSION

The Court finds that the Commonwealth acted with due diligence in its prosecution of Defendant and that Defendant's sentence was appropriate.

BY THE COURT:

September 13, 2016

HON. CHARLES J. CUNNINGHAM, III

5