J-S90003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DRUMMOND | : | |
| | : | No. 1998 EDA 2015 |
| Appellant | | |

Appeal from the Judgment of Sentence June 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004390-2013

BEFORE: OTT, SOLANO, JENKINS, JJ.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 10, 2017**

This matter returns to this Court following remand by our Supreme Court.[1] The sole issue is Drummond's claim that the trial court erred in failing to dismiss the matter pursuant to Pa.R.Crim.P. 600, regarding speedy trials. Our Supreme Court has directed that we consider the issue in light of the recent Pennsylvania Supreme Court decision in **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017). In **Mills**, The Pennsylvania Supreme Court held that "time attributable to the normal progression of a case is simply not 'delay' for purposes of Rule 600." **Id**. at 325. After reviewing the certified record, we conclude we must remand the matter to the trial court for specific determinations regarding "judicial delay." **Id**.

_____

[1] **Commonwealth v. Drummond**, 2017 WL 3764527 (Table) (Pa. 8/30/2017).

Briefly, 556 days had elapsed from the inception of this case on December 14, 2010, and the scheduled trial date of June 23, 2014. It was agreed between the parties that there were five days of excludable time. There were also the 208 days between the arraignment and the originally scheduled trial date of January 6, 2014, that the Commonwealth argued, and trial court agreed, was also excludable. This panel originally determined that the trial court did not err in excluding that time from Rule 600 consideration due to the fact that: 1) the trial date was the earliest available date on the trial court's calendar, and 2) the "delay" was not attributable to the Commonwealth. **See Commonwealth v. Drummond**, 161 A.3d 388 (Pa. Super. February 24, 2017) (unpublished memorandum). That decision was predicated on case law, effective at the time of our decision,[2] and Comments in the Rules of Criminal Procedure.[3] Specifically, this Court found those 208 days to be excludable as delay time was not directly attributable to the Commonwealth. However, we acknowledged that our Supreme Court was considering a similar claim in **Commonwealth v. Mills**, **supra**. **Mills** was decided on June 20, 2017.

---

[2] **Commonwealth v. Jones**, 886 A.2d 689 (Pa. Super. 2005) (time between arraignment and first trial listing is not chargeable to the Commonwealth where the trial court determined the trial date was the earliest possible date).

[3] "Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa.R.Crim.P. 600, Comment.

Relevant to this matter, **Commonwealth v. Mills**, **supra**, states:

> Upon review, we agree with Appellant that time attributable to the normal progression of a case simply is not "delay" for purposes of Rule 600. *Accord* **Morgan**, 484 Pa. at 123-24, 398 A.2d at 975. We realize that, given this Court's holding that periods of judicial delay are excludible from calculations under the rule, *see, e.g.,* **Commonwealth v. Bradford**, 616 Pa. 122, 141, 46 A.3d 693, 705 (2012), courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party.

> These courts also have discretion, however, to differentiate between time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns. Accordingly, where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable. Here, however, the Commonwealth does not argue that it was prepared for trial during the 174 days in issue.

> Under the Commonwealth's approach, time during which no one is prepared for trial—or even possibly could be ready—is "delay." Such theory is not borne out in any of this Court's decisions, and we find it to be inconsistent with both the letter and spirit of Rule 600.

**Mills**, 162 A.3d at 325.

The **Mills** decision requires the trial court to determine whether specific periods of elapsed time are attributable to either party or the court, and if the court is responsible, whether that is time attributable to ordinary trial preparation or delay arising from the court's own scheduling concerns. These determinations are not apparent from the current state of the certified record. Further, there is no indication whether the Commonwealth was prepared to go to trial at any point during the 208 days in question herein.

- 3 -

Accordingly, we are compelled to vacate the judgment of sentence and remand this matter to the trial court to make the determinations required by our Supreme Court in **Mills**. A hearing on this issue shall be conducted by the trial court within 45 days of the return of the certified record.

This matter is remanded to the trial court for action consistent with both this decision and **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017).

Judgment of sentence is vacated. Jurisdiction relinquished.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2017