J-S26043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NADIM ZUHAIR JAOUNI | |
| Appellant | No. 1361 MDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006709-2013

BEFORE:  BOWES, J., DUBOW, J., AND FITZGERALD,*J.

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED OCTOBER 20, 2017**

I agree with my learned colleagues that the Commonwealth failed to prosecute Appellant in the time frame mandated by Pennsylvania Rule of Criminal Procedure 600.  I write separately to address the Commonwealth's assertion that the entire period from June 10, 2013, to June 18, 2015 does not count for Rule 600 purposes.

These charges were initiated on June 10, 2013 and therefore governed by the former version of Rule 600.  We calculate the mechanical run date by adding one year to the complaint date, and arrive at an adjusted run date by adding periods of excludable or excusable time.  ***See Commonwealth v. Ramos***, 936 A.2d 1097 (Pa.Super. 2007) (*en banc*).  Appellant concedes that the fifty-six day period of time owing to his request to postpone the

_____
* Former Justice specially assigned to the Superior Court.

preliminary hearing was excludable time. I would also hold that the 642-day period from September 18, 2013, when Appellant first requested admission to the Alternative Rehabilitation Disposition (ARD) program, through June 18, 2015, was excludable time as Appellant continuously requested delays up until that date for ARD and medical reasons.[1] Adding these delays to the earlier fifty-six days yields an adjusted run date of May 9, 2016, well before his actual trial date.

The Commonwealth maintains that "[A]ny and all delays from the filing of the criminal complaint on June 10, 2013, and June 18, 2015 were attributable to [Appellant]. This accounts for 739 days." Commonwealth's brief at 16. A similar claim was recently rejected by our High Court in **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017). The dispute in **Mills** was whether a 174-day period between the filing of the criminal complaint and a status conference should be excluded or included for Rule 600 purposes. **Mills** rejected a bright-line rule that the normal judicial progression of a case constitutes delay. "[W]e agree with Appellant that

_____

[1] Appellant claims that only 628 days are properly attributed to him, yet calculates the adjusted run date as falling in 2015. He arrives at this date by adding 628 days to the date charges were initiated, not the mechanical run date. **See** Appellant's brief at 13. The Majority correctly notes that the actual adjusted run date was in 2016, as Appellant delayed the proceedings at his request for almost two years. Since the Commonwealth prevailed at the trial court level, I will assume the more favorable calculation of May 9, 2016, as it does not affect the outcome.

- 2 -

time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." *Id*. at 325. As *Mills* stated, the Commonwealth's position was equivalent to an argument that it has "leeway to proceed, without any diligence, to cause up to 365 days of delay in the commencement of any trial." *Id*. at 324. The Commonwealth's claim here is similar. By asserting that every day from the date the complaint was initiated through June 18, 2015 plays no part in our Rule 600 analysis, the Commonwealth avers that none of the time constituting the normal progression of a case up until that point counts against it. While it is undeniable that Appellant caused significant delays, the Commonwealth's calculations are untenable.

Moreover, the Commonwealth asserts that the trial judge properly determined that it exercised due diligence from January 2016 through May 2016 because the toxicologist was unable to testify. Yet the prosecutor conceded at the Rule 600 hearing that the case "had never been scheduled, so there was no opportunity to find [a new analyst] . . . because it would have had to have been scheduled several weeks, if not a month or so in advance[.]" N.T. Rule 600, 7/12/16, at 8. The trial court adopted that position: "We agree it couldn't have been scheduled when the lab tech was unavailable." *Id*. at 7. This was an abuse of discretion. The trial court's analysis erroneously applied a form of harmless error by holding that Appellant's trial would have been postponed had the Commonwealth

**actually** scheduled the case. That type of analysis is improper, since the Commonwealth bears the burden of establishing it exercised due diligence. It hardly comports with Rule 600 for the Commonwealth to claim its due diligence would not have mattered.

Finally, I recognize that the trial court's ruling emphasized that this matter was reassigned to several judges, resulting in judicial delay not attributable to the Commonwealth. *Mills* was likewise sensitive to this concern, noting that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Mills*, *supra* at 325. However, nothing in the record indicates that the Commonwealth was ready for trial. Herein, the docket and certified record reveals that the order of June 18, 2015, which indicated that the parties were ready for a bench trial, is directly followed by Appellant's July 12, 2016 motion to dismiss.[2] Thus, I agree with the Majority that the Commonwealth failed to establish that it kept track of its Rule 600 obligations. *See Commonwealth v. Browne*,

---

[2] *Mills* does not answer whether the Commonwealth is obligated to ask an unavailable trial judge to transfer the case to another courtroom with a less clogged docket when a Rule 600 deadline is looming. I do not suggest that the Commonwealth bore that burden in this case, yet it appears that this case would not have proceeded at all but for Appellant's motion seeking dismissal. Certainly, a motion seeking transfer to another courtroom would be beneficial in circumstances such as these, as our task would have been greatly aided by record entries made at the times in question.

584 A.2d 902, 906 (Pa. 1990) ("We hold that due diligence likewise imposes on the government the duty to employ simple recordkeeping systems in circumstances such as this.").  We cannot simply assume that the courtrooms were unavailable for some of these time periods.

In this regard, Justice Wecht, joined by Justices Todd and Donohue, issued a concurring opinion in *Mills* explaining his view that the Commonwealth must first show due diligence before judicial delay is relevant.

> [T]he Majority astutely observes that trial courts have the discretion to differentiate between the time that passes during the normal progress of a criminal case and the time that elapses when the court's calendar simply cannot accommodate a trial by the relevant date. My concern is that our trial courts too often make these judgments without first considering the Commonwealth's due diligence obligation.
>
> Characterization and delineation of the contested time periods is not always an easy task. Difficulty can arise, as it did in this case, when both "judicial delay" and the Commonwealth's due diligence obligation appear as options for the court. However, these two options are not equal, to be selected at the court's discretion. Nor can "judicial delay" be substituted for due diligence. Rather, due diligence must be proven by the Commonwealth, and assessed by the court, before "judicial delay" becomes a consideration in the time calculation for Rule 600.

*Id*. at 326 (Wecht, J., concurring).  That issue was present in this case.  The trial court selected judicial delay as an option to excuse the Rule 600

violation, but the Commonwealth failed to prove its due diligence.[3] Tellingly, the Commonwealth managed, after over a year of delay, to proceed to trial just eight days after Appellant filed the motion to dismiss. By all appearances, the only reason this case proceeded to trial was the fact that Appellant sought dismissal, with the Commonwealth offering *ex post facto* justifications for why the case could not have proceeded at those earlier times. That hardly constitutes due diligence. Hence, the Commonwealth failed to meet its burden and the order denying Appellant's motion must be reversed.

Judge Dubow joins this concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017

---

[3] The trial judge began the hearing by noting, "I get these motions five minutes before I come on the bench and somehow I am supposed to digest the calendars for several years and come to some conclusion." N.T. Rule 600, 7/12/16, at 2. Thus, the trial court's finding of fact that the other trial judges were unavailable was supported by speculation, not evidence.