J-S47030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JOHN REVAK | : | No. 10 MDA 2019 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000192-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 22, 2019**

The Commonwealth appeals from the order granting the motion to dismiss pursuant to Pa.R.Crim.P. 600 filed by Appellee David John Revak. The Commonwealth claims that the trial court misapplied Rule 600 and erred in finding that the Commonwealth failed to exercise due diligence. We affirm.

The parties are familiar with the facts underlying the charges against Appellee, and we need only summarize the procedural history of this appeal. On January 10, 2017, the Commonwealth filed a complaint charging Appellee with driving under the influence (DUI), driving under suspension—DUI related, and unauthorized use of a motor vehicle.[1]

A preliminary hearing was scheduled for February 15, 2017. The magisterial district judge continued the hearing until February 22, 2017,

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), 1543(b)(1), and 18 Pa.C.S. § 3928(a), respectively.

because the arresting officer was unavailable. On February 22, 2017, Appellee, acting with counsel, waived the preliminary hearing. That same day, Appellee applied for treatment court. On March 20, 2017, Appellee moved for a continuance of a pretrial conference pending a decision on his treatment court application.

On April 24, 2017, the trial court entered an order memorializing the Commonwealth's April 21, 2017 decision to deny Appellee's application for treatment court. The Commonwealth requested a status conference, which the trial court scheduled for May 22, 2017. At the May 22, 2017 conference, Appellee's counsel indicated that Appellee wanted to proceed to trial and that discovery was necessary. The Commonwealth requested a second status conference with the time to be assessed against Appellee. Appellee's counsel agreed. On May 23, 2017, Appellee filed a request for discovery.

On June 13, 2017, the Commonwealth filed a motion for a status conference. That same day, the trial court scheduled a status conference for July 3, 2017. Except for the filing of a certificate of service on June 19, 2017, the docket contained no further activity between June 2017 and January 2018.

The docket next reflects that the Commonwealth filed a motion for a status conference on January 31, 2018, which the trial court scheduled for February 26, 2018. On February 6, 2018, however, the trial court issued an order scheduling a pre-trial conference for March 1, 2018, jury selection for March 12, 2018, and trial on "March Trial Term Dates: 13, 14, 15 and 16, 2018 at 9:15 a.m." Order, 2/6/18.

Appellee failed to appear for the March 1, 2018 pre-trial conference, and the trial court issued a bench warrant on March 7, 2018. The trial court lifted the bench warrant on March 21, 2018. The trial court continued the case until April 16, 2018, with the time to be assessed against Appellee.

On April 16, 2018, the trial court held a status conference, at which the Commonwealth agreed that trial would be scheduled for July. The trial court entered a form order that same day. The order indicated that "the District Attorney has represented that trial will be scheduled during the following criminal trial terms[,]" with additional check boxes for January, March, April, May, July, August, October, and November. Order, 4/16/18. The trial court inserted a check mark for July. *Id.*

On June 8, 2018, the trial court scheduled a pre-trial conference for June 28, 2018, jury selection for July 9, 2018, and listed July term trial dates of July 10, 11, 12, and 13, 2018. Appellee failed to appear at the June 28, 2018 pre-trial hearing. The Commonwealth requested that the trial court issue a bench warrant, and the trial court indicated, "Okay." N.T., 6/28/18, at 2. However, the docket does not show that the trial court issued or filed a bench warrant. The record also does not show when Appellee was returned to the Commonwealth's custody.

The next docket activity occurred on September 6, 2018. On that day, the trial court entered a status order scheduling a pre-trial conference for September 27, 2018, with jury selection and trial set for October.

At the September 27, 2018 pre-trial conference, the trial court and the assistant district attorney discussed lifting a bench warrant against Appellee. Appellee's counsel then indicated that Appellee wanted to raise a Rule 600 issue. Appellee's counsel noted that he did not believe a Rule 600 violation occurred. Nevertheless, the trial court considered counsel's statement as an oral Rule 600 motion and directed the Commonwealth to file a response by October 9, 2018, which was the same date as the next pre-trial hearing. The trial court did not require Appellee to file a written Rule 600 motion.

On October 15, 2018, the trial court entered an order scheduling the pre-trial hearing for November 19, 2018. Although the Commonwealth did not file its response on the record, the trial court's order indicated that the court considered Appellee's oral Rule 600 motion and the Commonwealth's response. The trial court further noted that it believed there was arguable merit to Appellee's motion.

On October 17, 2018, the trial court entered an order granting Appellee's motion for a continuance with time attributable to the defense. The caption of the continuance motion and attached order referenced a "quarterly term" in October 2018, and contained check boxes referring to quarterly criminal terms of court such as "January/March," "April/May", "July/August," and "October/November."

The trial court convened a hearing on November 19, 2018. The trial court referenced a response submitted by Assistant District Attorney K.

Michael Sullivan.[2]  The trial court asked whether the Commonwealth would rely on the memorandum.  The Commonwealth asserted that it would and presented no further evidence at the hearing.  At the conclusion of the hearing, the trial court announced that it was dismissing the charges based on Rule 600.  On November 21, 2018, the trial court entered the order dismissing the charges with prejudice. The docket indicates that between November 28, 2018, and December 5, 2018, the transcripts of the pre-trial and status conference hearings were filed.

On December 21, 2018, the Commonwealth timely appealed and simultaneously filed a Pa.R.A.P. 1925(b) statement.  The docket indicates that the Commonwealth formally filed its response to Appellee's Rule 600 motion on January 9, 2019.

The trial court filed a responsive Rule 1925(a) opinion on February 28, 2019.  Initially, the trial court noted that the Commonwealth filed the criminal complaint on January 10, 2017, and that the mechanical Rule 600 run date was January 10, 2018.  The trial court determined that 221 days were excludable or excusable based on:

> (1) the 106 days from Appellee's request for a continuance pending a decision of his drug court application on March 20, 2017, and the next status conference on July 3, 2017;

_____

[2] Although Assistant District Attorney Sullivan submitted the Commonwealth's response referred to at the November 19, 2018 hearing, a different assistant district attorney appeared at the hearing.  As noted above, the Commonwealth did not formally file its response to Appellee's Rule 600 motion before the November 19, 2018 hearing.

(2) the 68 days from Appellee's failure to appear at the March 1, 2018 pre-trial conference to the next available trial date on May 7, 2018; and

(3) the 47 days from Appellee's failure to appear at the June 28, 2018 pre-trial conference to the next available trial date of August 13, 2018.

*See* Trial Ct. Op., 2/28/19, at 2, 5. Therefore, the trial court adjusted the Rule 600 run date to August 19, 2018.

The trial court further noted that the Commonwealth failed to file a copy of its response as part of the record and presented no evidence at the November 19, 2018 hearing. The trial court concluded that the Commonwealth offered "little to no evidence, testimony, or argument as to the time calculation, due diligence or that any delay was attributable to circumstances beyond their control." Trial Ct. Op., 2/28/19, at 4. In any event, the trial court noted that the Commonwealth previously failed to bring Appellee's case to trial during numerous monthly trial terms. Moreover, the trial court observed that on two occasions after April 2018, the Commonwealth moved to schedule the matter for pre-trial conferences instead of trial. Accordingly, the trial court concluded that the Commonwealth failed to establish any additional periods of excludable or excusable delay, and Appellee was entitled to relief.

On appeal, the Commonwealth raises the following questions for review:

Did the [trial] court abuse discretion in dismissing the charges in this action, because there was a computational error, and not a finding of delay with failure to exercise due diligence by the Commonwealth for 365 days in accord with Pa.R.Crim.P 600(C)(1)?

Did the court abuse discretion in dismissing the charges in this action, because the ruling is not supported by the record, including a history of the case being scheduled for trial at the Commonwealth's request from February 2018 forward?

Commonwealth's Brief at 5.

By way of further background to the Commonwealth's arguments, there is no dispute that the mechanical run date under Rule 600(A)(1) expired on January 10, 2018. The Commonwealth also does not challenge the trial court's determination attributing 221 days to Appellee, which would adjust the run date to August 19, 2018. Lastly, the Commonwealth does not challenge the trial court's decision to accept Appellee's oral motion to dismiss under Rule 600 or the September 27, 2018 order requiring the Commonwealth to respond. Therefore, the principal issue in this appeal is whether at least thirty-nine additional days, from the adjusted run date of August 19, 2018, to the September 27, 2018 hearing, were excludable or excusable.

Moreover, to the extent that the memorandum referred to at the November 19, 2018 hearing and the Commonwealth's response filed on January 9, 2019, were the same, that response largely recited the procedural history of the case. *See* Commonwealth's Resp. to Appellee's Oral Mot. to Dismiss, 1/9/19, at 1-6 (unpaginated). The Commonwealth averred that transcripts for the status conferences on July 3, 2017, February 26, 2018, and April 16, 2018, were not prepared. *Id.* The Commonwealth alleged that it could not determine whether the Commonwealth or Appellee was responsible for the delays resulting from those hearings without the transcripts of those

conferences. *Id.* However, there was no indication that the Commonwealth sought to have the transcripts of the conferences prepared or requested a continuance for the transcripts to be prepared. Nevertheless, the Commonwealth essentially argued that a second bench warrant had been issued for Appellee since June 28, 2018, and that the Commonwealth exercised due diligence by listing the case for quarterly trial terms in 2018. *Id.* at 6-7.

On appeal, the Commonwealth emphasizes that it exercised due diligence by having the case "called for each trial term since the pretrial scheduling order of February 2018, except for the second quarter of 2018," when Appellee was a fugitive. Commonwealth's Brief at 9. The Commonwealth asserts that the Northumberland County Court of Common Pleas traditionally defined a trial term on a quarterly basis. *Id.* at 15. Based on this tradition, the Commonwealth claims that the trial court erred in finding a lack of due diligence because the matter was not scheduled for trial in a given month within a quarterly trial term. . *Id.* at 16. Alternatively, the Commonwealth concludes:

> In the absence of promulgated local rules or administrative orders governing the formal establishment of trial terms, the Commonwealth is in the position of attempting to manage a criminal caseload in a system where the standards governing case scheduling are in a state of flux. The function of the judicial system in this area is beyond the control of the Commonwealth.

*Id.*

The Commonwealth further asserts that the trial court erred by attributing time related to judicial delay to the Commonwealth. *Id.* at 17. Specifically, the Commonwealth contends: "Time during which the case had been scheduled for pretrial conferences and jury selections, yet during which trial did not happen and no continuance was requested by the Commonwealth, is not time that should be attributed as delay caused by the Commonwealth." *Id.* at 17-18.

The standards governing our review are well established.

> [O]ur standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Leaner*, 202 A.3d 749, 765-66 (Pa. Super. 2019) (citation and internal alterations omitted), *appeal denied*, 67 EAL 2019 (Pa. filed July 2, 2019).

Rule 600 provides:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A)(1), (A)(2)(a), (C)(1), (D)(1).

As this Court has stated:

Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial

rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

\* \* \*

Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable time and excusable delay. "Excludable time" is classified as periods of delay caused by the defendant. . "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

*Commonwealth v. Moore*, ___ A.3d ___, 2019 PA Super 204, 2019 WL 2723872, at \*2-3 (Pa. Super. filed July 1, 2019) (citations omitted).

In *Commonwealth v. Mills*, 162 A.3d 323 (Pa. 2017), the Pennsylvania Supreme Court noted that "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." *Mills*, 162 A.3d at 325. *Mills* rejected a bright-line rule that "ordinary trial preparation" is "excludible as a matter of course." *Id.* at 325, n.1. Instead, the *Mills* Court emphasized that "courts of original jurisdiction must apply

judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." ***Id.*** at 325.

"Once a violation of Rule 600 has been established, . . . the inquiry becomes whether the Commonwealth exercised due diligence in bringing [a defendant] to trial and if the circumstances occasioning the postponement were beyond the control of the Commonwealth." ***Commonwealth v. Kearse***, 890 A.2d 388, 392 (Pa. Super. 2005). "The Commonwealth . . . has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence." ***Commonwealth v. Cole***, 167 A.3d 49, 71 (Pa. Super. 2017) (citation and quotation marks omitted), *appeal denied*, 186 A.3d 370 (Pa. 2018).

Instantly, we agree with the trial court that the Commonwealth did not meet its burden to establish additional time was excusable under Rule 600. ***See id.*** Although the Commonwealth refers to county practices of scheduling trial on a quarterly basis in its appellate brief, it presented no evidence or argument to substantiate its assertion or to support its contention that it could not have scheduled the trial for an earlier date. Moreover, the Commonwealth states that it acted diligently when listing the matter for trial, but the Commonwealth did not aver that it was prepared for trial. ***See Mills***, 162 A.3d at 325 (noting that 174 days between the filing of the complaint and the status conferences did not constitute excusable "judicial delay" where the Commonwealth did not argue it was prepared for trial).

In sum, having reviewed the record in a light most favorable to Appellee as the prevailing party and the Commonwealth's limited arguments, the Commonwealth has not established an abuse of discretion. **See Leaner**, 202 A.3d at 765-66. The Commonwealth failed to develop an appropriate record to support its arguments that it exercised due diligence or the delays were beyond its control. **See Kearse**, 890 A.2d at 392; **see also** Pa.R.A.P. 302(a). Moreover, the Commonwealth has not offered any other factual or legal arguments establishing an abuse of discretion or error of law. Accordingly, we are constrained to conclude that no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019