J-S52041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DRUMMOND | : | |
| | : | |
| Appellant | : | No. 1549 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004390-2013

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                 Filed: December 13, 2019

William Drummond appeals from the judgment of sentence entered on April 23, 2018, following a resentencing hearing. This case returns to us following a remand for the trial court to make determinations about whether the Commonwealth was ready to proceed to trial during the period between the scheduling conference and the first trial date, in accordance with *Commonwealth v. Mills*, 162 A.3d 323 (Pa. 2017). *See Commonwealth v. Drummond*, 2017 WL 4512277, at *2 (Pa.Super. October 10, 2017) (unpublished memorandum). We now affirm.

On December 14, 2012, the Commonwealth filed a criminal complaint against Drummond. *See* Criminal Compl., filed 12/14/12. A preliminary hearing was scheduled for January 4, 2013, but the Commonwealth requested a continuance to April 3 because their complaining witness failed to appear. *See* N.T., Rule 600 Hearing ("600 Hearing"), 7/21/14, at 6. On April 3, the

preliminary hearing proceeded and the trial court held Drummond for trial on all charges. *Id.* The court arraigned Drummond on April 24. *Id.* The Commonwealth conveyed an offer to Drummond on May 22 that he rejected the same day. The court then scheduled a scheduling conference on June 7. On June 7, defense counsel requested a continuance and the case was continued to June 12. On June 12, the docket reflects that the court scheduled trial for January 6, 2014. The June 12 docket entry reads, "Continued for status of discovery on 7/3/13 and for a 3-day trial on 1/6/14 in Courtroom 608. Earliest possible date consistent with police, counsel's and the Court's schedules has been given." CP-51-CR-0004390-2013 ("Docket"), at Entry 38. On January 6, 2014, the scheduled trial date, there was a defense request "for additional discovery (DNA, color photographs, crime scene report)." *See* Docket at Entry 85.[1] On June 23, the case was continued to November 10 for trial because "[t]he codefendant's attorney was not prepared for trial and no severance." N.T., 600 Hearing, at 9. That same day defense counsel filed a motion to dismiss the case pursuant to Pa.R.Crim.P. 600.

The trial court scheduled a hearing on the motion for July 1; however, defense counsel requested a continuance. *See* Docket at Entry 100. On July 3, defense counsel requested another continuance and the court continued the case to July 21, at which time the Rule 600 hearing went forward. *See id.* at Entry 103. At the hearing, the parties agreed that between June 12 and

_____

[1] At a hearing on April 14, 2014, it was determined that the crime scene log did not exist. *See* Docket at Entry 90.

November 6 of 2013, discovery requests by defense counsel for colored photographs and DNA paperwork were outstanding. N.T., 600 Hearing, at 7-8. On November 6, 2013, "DNA results were passed to counsel[,]" while the color photographs requested remained outstanding. *Id.* at 8. The Commonwealth conceded the days "during essentially the summer of 2013 where the colored photographs and the DNA were an issue and not passed." *Id.* at 11, 12.

The court denied Drummond's Rule 600 motion, concluding that the time between June 23 and November 10, 2013 was excludable. *Id.* at 15. The court also concluded that discovery was complete on November 6, 2013, and that the Commonwealth passed the color photographs on April 14, 2014. *Id.* at 14.

> THE COURT: . . . So from what I can see, the Commonwealth did provide the DNA report on November 6th. After that, there was **other discovery** that was requested, properly so, but that was not mandatory discovery.
>
> ***
>
> THE COURT: So I'm going to find that as of November 6th, discovery was complete as to the DNA. The colored photos, they were given on April 14th. . . .
>
> ***
>
> THE COURT: And the Commonwealth, which has a right not to sever to try the cases, I understand the defendant is ready for trial, but the codefendant was not ready. The Commonwealth did not sever on June 23rd, so that additional 140 days does not count against the Commonwealth. Therefore, we are within the 365 days. The motion is denied.

*Id.* at 14-15 (emphasis added).

Drummond proceeded to trial and a jury found him guilty of multiple offenses. The trial court sentenced him to an aggregate sentence of ten to 26 years' incarceration. On appeal, Drummond challenged the court's denial of his Rule 600 motion. A panel of this Court affirmed the judgment of sentence, concluding that no relief was due because "there are an additional 208 days that cannot be counted against the Commonwealth." **Commonwealth v. Drummond**, 2017 WL 729439, at *3 (Pa.Super. February 24, 2017) (unpublished memorandum). These 208 days included the time from June 12, 2013, to the first trial date of January 6, 2014. Drummond filed a petition for allowance of appeal with our Supreme Court, and the Supreme Court vacated our order and remanded the case to our Court "for further proceedings, in light of **Commonwealth v. Mills**, [162 A.3d 323] (Pa. 2017)." **Commonwealth v. Drummond**, 170 A.3d 1023 (Pa. 2017) (*per curiam*).

In **Mills**, the Court held that "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." **Mills**, 162 A.3d at 325. Additionally, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." **Id.**

Upon remand, we concluded that **Mills** required the trial court "to determine whether specific periods of elapsed time are attributable to either party or the court, and if the court is responsible, whether that is time attributable to ordinary trial preparation or delay arising from the court's own

- 4 -

scheduling concerns." **Drummond**, 2017 WL 4512277, at *2. Because the certified record did not contain such determinations or any "indication whether the Commonwealth was prepared to go to trial at any point during the 208 days in question herein[,]" we vacated the judgment of sentence and remanded the case to the trial court to make said determinations. **Id.**

On remand, the trial court held a hearing on March 22, 2018. At that hearing, the Assistant District Attorney ("ADA") who litigated the original Rule 600 motion, Lauren Glynn, testified.[2] She stated that she was assigned to the case sometime after November 2013. N.T, Remand Hearing, 3/22/18, at 16. She explained that she would have been ready to proceed with trial on January 6 but for defense counsel's request for additional discovery. **Id.** at 15-16. ADA Glynn testified that prior to the January 6 trial date, she knew that defense counsel would need a continuance because she had spoken with defense counsel about an additional discovery request for a crime scene log. **Id.** at 28, 29. At the conclusion of the hearing, the court determined that the Commonwealth would have been ready for trial at the first scheduled trial date of January 6, 2014.

> THE COURT: Based on the testimony I've heard today, I'm going to find that the Commonwealth was ready to proceed at the first trial listing on January 6th of 2014 and preserve the right for further findings of fact and conclusions of law.

---

[2] At the time of the Rule 600 Motion, ADA Glynn's last name was Murray.

*Id.* at 51-52. The court then resentenced Drummond to six and one half to 20 years' incarceration. This timely appeal followed.

On appeal, Drummond raises the following issue: "Did not the lower court err in denying [Drummond's] Motion to Dismiss pursuant to Pa.R.Crim.P. 600 where the Commonwealth failed to show due diligence in bringing [Drummond] to trial in the prescribed time period?" Drummond's Br. at 3.

We review the denial or grant of a Rule 600 motion for an abuse of discretion. ***Commonwealth v. Bradford***, 46 A.3d 693, 700 (Pa. 2012). Our scope of review "is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*) (quoting ***Commonwealth v. Hill***, 736 A.2d 578, 581 (Pa. 1999)). We also must "view the facts in the light most favorable to the prevailing party." ***Id.*** at 1239 (quoting ***Commonwealth v. Jackson***, 765 A.2d 389, 392 (Pa.Super. 2000)).

Pursuant to Rule 600, a criminal trial must "commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). When the 365 days have passed, a defendant "may file a written motion requesting that the charges be dismissed with prejudice." ***Id.*** at 600(D)(1). When computing whether time is attributable to the Commonwealth or the defendant, Rule 600 provides:

> **(C) Computation of Time**
>
> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due

diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C).

Here, Drummond alleges that "'the normal progression of a case' described by **Mills** is not at issue here, nor is the effect of the court's scheduling concerns on the progression of the case, only whether the passivity of the Commonwealth should be counted against it." Drummond's Br. at 14. He maintains, "[h]ad the requested DNA materials been provided by the Commonwealth on or shortly after their completion date, October 2013, the case would have been tried well within [the] Rule 600 date of December 14, 2013." **Id.**

We disagree. At the time of the Rule 600 motion hearing, 584 days had passed since the Commonwealth filed its complaint against Drummond. However, 381 days are excludable. This includes a defense request for a continuance in June, the time between the scheduling conference and the first trial date, and the defense request for a continuance for additional unrequested discovery. Based on this calculation, at the time of the Rule 600 hearing, the Commonwealth was 203 days within the run date. Therefore, we conclude that the trial court did not abuse its discretion in denying Drummond's motion to dismiss.

Our calculation of these days is as follows:

| Case Listed For | Date | Continued to | Requested by | Excludable Time |
|---|---|---|---|---|
| Scheduling Conference | 06/07/2013 | 06/12/2013 | Defense | 5 days |
| Scheduling Conference | 06/12/13 | 01/06/2014 (Earliest possible date for trial) | Court | 208 days |
| Trial | 01/06/2014 | 06/23/2014 (Next trial date) | Defense | 168 days |

Despite Drummond's claim that the case would have been tried within the run date if the Commonwealth had passed the DNA evidence in October 2013, the certified record reflects that the earliest date on which the court and the parties were available for trial was January 6, 2014. Additionally, the case was only continued on the first trial date because of defense counsel's request for additional discovery material that counsel had never requested in the **13** months leading up to the trial date. Thus, pursuant to our standard of review, we conclude that the 208 days between the scheduling conference and the trial date are excludable, as this date was based on the court's calendar and the witness's availability, and the Commonwealth was ready to proceed with trial at the first available trial date. *Mills*, 162 A.3d at 325. Additionally, 168

days are excludable because of defense counsel's request for additional discovery as well as the two days for counsel's request for continuing the scheduling conference. *Id.* Therefore, we conclude that the court did not abuse its discretion in denying Drummond's motion to dismiss the case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019