J-A03024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL PIPKIN | : | No. 2221 EDA 2020 |

Appeal from the Order Entered October 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008939-2018,
CP-51-CR-0008944-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL PIPKIN | : | No. 2222 EDA 2020 |

Appeal from the Order Entered October 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008939-2018,
CP-51-CR-0008944-2018

BEFORE:  STABILE, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 17, 2022**

The Commonwealth appeals from the October 13, 2020 Order, entered in the Philadelphia County Court of Common Pleas, granting the Motion to Dismiss pursuant to Pa.R.Crim.P. 600 filed by Michael Pipkin.  The Commonwealth asserts that the trial court erred in finding it had not acted

with due diligence in prosecuting Mr. Pipkin and in concluding that the Rule 600 period had expired. After careful review, we reverse.

The procedural history relevant to the issue on appeal is as follows. On October 22, 2018, the Commonwealth filed two Criminal Complaints against Mr. Pipkin charging him with, *inter alia*, robbery, firearms offenses, and misdemeanor assault offenses. The lower court scheduled Mr. Pipkin's preliminary hearing for 15 days later, on November 6, 2018.

On November 6, 2018, the parties appeared for Mr. Pipkin's preliminary hearing. The Commonwealth then requested a continuance for "further investigation," which the court granted. The record reflects that the earliest possible date to reschedule the preliminary hearing was 22 days later, on November 28, 2018, but, due to the unavailability of the Commonwealth's police witness, the court continued it for an additional 21 days, until December 19, 2018.

Mr. Pipkin's formal arraignment took place on January 2, 2019. Mr. Pipkin's pretrial conference followed 20 days later, on January 22, 2019. At the pretrial conference on January 22, 2019, Mr. Pipkin rejected the Commonwealth's plea offer. The court then scheduled a hearing for 14 days later, on February 5, 2019.

At the February 5, 2019 scheduling hearing, the trial court scheduled a jury trial to commence 104 days later, on May 20, 2019. In the interim, the trial court ordered Mr. Pipkin to undergo a mental health evaluation for competency and scheduled a mental health hearing on April 12, 2019.

- 2 –

At the April 12, 2019, mental health status hearing, Mr. Pipkin requested a continuance until May 10, 2019.  The court granted the continuance and Mr. Pipkin's trial date remained May 20, 2019.

On May 20, 2019, Mr. Pipkin requested a continuance of trial for further mental health evaluation.   The court granted a 35-day continuance and scheduled a status hearing regarding Mr. Pipkin's competence to stand trial for June 24, 2019.  At the June 24, 2019 conference, the court determined Mr. Pipkin was competent to stand trial and set a trial date of August 19, 2019, 56 days later.

On August 19, 2019, the Commonwealth requested a continuance of trial due to the unavailability of a civilian witness.[1]  The court granted the continuance and rescheduled trial for 105 days later, on December 2, 2019.

On December 2, 2019, however, the trial judge was unavailable, and the court continued trial to the next day.  On December 3, 2019, following a "joint request" for a continuance, the court rescheduled trial to commence 49 days later, on January 21, 2020.

On January 21, 2020, the Commonwealth requested a continuance of trial for "further investigation" so that it could obtain Mr. Pipkin's medical records and prepare a motion to consolidate the related cases against Mr.

---

[1] The Commonwealth had sent the unavailable witness, as well as its other civilian witnesses, subpoenas on June 24, 2019.

Pipkin.[2] The trial court granted the request and rescheduled trial to commence 70 days later, on March 31, 2020. On March 16, 2020, the Commonwealth filed a Motion to Consolidate.

The COVID-19 judicial emergency began on March 16, 2020, resulting in the closure of the trial courts. At the time the judicial emergency began, 55 days had passed since the January 21, 2020 continuance of Mr. Pipkin's trial at the Commonwealth's request.

During the pendency of the judicial emergency, the trial court continued numerous trial readiness conferences and Mr. Pipkin's trial. Finally, on October 5, 2020, 203 days after the start of the judicial emergency, the trial court held a scheduling conference at which Mr. Pipkin requested a waiver trial. The trial court scheduled Mr. Pipkin's bench trial for October 22, 2020.

Also on October 5, 2020, Mr. Pipkin filed a Petition to Dismiss the Information Pursuant to Pa.R.Crim.P. 600(A), asserting that the Commonwealth had failed to exercise due diligence in bringing Mr. Pipkin to trial and that both the Rule 600 mechanical and adjusted run dates had passed. On October 12, 2020, the Commonwealth filed a response to the Petition, arguing that it had acted duly diligent in bringing the case to trial and disputing Mr. Pipkin's adjusted run date calculation.

---

[2] The docket reflects that both the Commonwealth and Mr. Pipkin requested that the court continue trial for "further investigation."

On October 13, 2020, the trial court held a hearing on Mr. Pipkin's petition, after which it granted the petition and dismissed the charges against Mr. Pipkin.

This timely appeal followed. The Commonwealth complied with the trial court's Order to file a Pa.R.A.P. 1925(b) Statement. The trial court authored a Rule 1925(a) Opinion in which it concluded it had erred in granting Mr. Pipkin's Petition to Dismiss and urged this Court to reverse the dismissal order.

The Commonwealth raises one issue on appeal:

Did the lower court—as it concedes in its opinion—err in dismissing all charges without a hearing[3] where the record demonstrates that the Commonwealth was duly diligent, and the docket demonstrates excludable time and delays not attributable to the Commonwealth which prove that the Rule 600 period had not expired?

Commonwealth's Brief at 4.

The Commonwealth argues that the trial court erred in granting Mr. Pipkin's Petition to Dismiss because the docket and the Commonwealth's evidence show that it was prepared to bring Mr. Pipkin to trial within the period provided by Rule 600. *Id.* at 12. The Commonwealth asserts that, assuming the proper characterization of all delays, it still had 239 days within which to bring Mr. Pipkin to trial. *Id.*

We review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 252 A.3d 600, 614 n.13 (Pa 2021).

---

[3] The record reflects that the trial court held a hearing on the Petition to Dismiss on October 13, 2020, and that it granted the Petition on the record at the conclusion of the hearing.

- 5 –

"[T]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." **Commonwealth v. Mills**, 162 A.3d 323, 324 (Pa. 2017) (citing Pa.R.Crim.P. 600(A)(2)(a)). Periods of delay at any stage of the proceedings caused by the Commonwealth when it failed to exercise due diligence are to be counted as running time and non-excludable. Pa.R.Crim.P 600(C)(1). Any other periods of delay are excludable from the computation of time. **Id.**

To determine whether dismissal is required for a violation of Rule 600, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed," or, under certain circumstances, refiled. **Commonwealth v. Goldman**, 70 A.3d 874, 879-880 (Pa. Super. 2013) (citation omitted). Thereafter, a court calculates whether the mechanical run date has been adjusted to account for periods of delay. **Id.** at 879. The defendant is entitled to discharge under Rule 600 only where trial started after the adjusted run date. **Id.**

The adjusted run date is calculated by adding to the mechanical run date both excludable and excusable delay. **Id.** Excludable delay is delay caused by the defendant or his lawyer. **Id.** Excusable delay encompasses a wide variety of situations where the postponement of trial was outside of the Commonwealth's control. **Commonwealth v. Armstrong**, 74 A.3d 228, 236 (Pa. Super. 2013). "Excusable delay is delay that occurs as a result of

- 6 –

circumstances beyond the Commonwealth's control and despite its due diligence." **Goldman**, 70 A.3d at 879.

"[T]ime attributable to the normal progression of a case [] is not 'delay' for purposes of Rule 600." **Harth**, 252 A.3d at 616 (citation omitted). Courts must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to the Commonwealth or the defendant. **Mills**, 162 A.3d at 325. Courts have discretion to differentiate between the "time necessary for ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns[.]" **Harth**, 252 A.3d at 616 (citation omitted). In situations where "a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as delay for which the Commonwealth is not held accountable." **Id.** (citation, emphasis, and internal quotation marks omitted). Stated another way, once the prosecutor has signaled her trial readiness, delay due to the court's calendar is not attributable to the Commonwealth.

Delays caused by witness unavailability that is beyond the Commonwealth's control can constitute excusable delay. **Commonwealth v. Hunt**, 858 A.2d 1234, 1243 (Pa. Super. 2004). In addition, delays requested by the defense are always excludable. **Commonwealth v. Barbour**, 189 A.3d 944, 955 (Pa. 2018); **Commonwealth v. Cook**, 676 A.2d 639, 645 (Pa. 1996) ("Any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time[.]"). Similarly, where a defendant indicates his approval or acceptance of a

- 7 –

continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. **Hunt**, 858 A.2d at 1241.

**Analysis**

The Commonwealth filed the Criminal Complaint against Mr. Pipkin on October 22, 2018. Thus, the mechanical run date by which the Commonwealth had to bring Mr. Pipkin to trial was October 22, 2019. However, as set forth above, certain delays occurred which are not attributable to the Commonwealth and served to extend the mechanical run date. As detailed below, these days totaled 469 days, which extended the run date to February 2, 2021. Mr. Pipkin filed his Rule 600 Petition to Dismiss on October 5, 2020, well before the adjusted run date, and the court, thus, abused its discretion in granting the Petition and dismissing the case.

In particular, the time between October 22, 2018, when the Commonwealth filed the Criminal Complaint against Mr. Pipkin, and the preliminary hearing 15 days later, on November 6, 2018, is properly characterized as normal progression of the case and, thus, did not alter the 365-day mechanical run period. The period of 22 days between the November 6, 2018 preliminary hearing and November 28, 2018—the first available date on which the court could have rescheduled the preliminary hearing—is also charged to the Commonwealth and, thus, did not alter the mechanical run date. However, because the Commonwealth's witness was not available until December 19, 2018, the further 21-day delay was excludable, and the adjusted run date became November 12, 2019.

- 8 –

On December 19, 2018, the court reconvened Mr. Pipkin's preliminary hearing and scheduled Mr. Pipkin's formal arraignment for January 2, 2019. Those 14 days were attributable to the Commonwealth as part of the normal progression of the case and did not change the adjusted run date.

Mr. Pipkin's formal arraignment took place on January 2, 2019, following which the court continued the matter for 20 days, until January 22, 2019. Those 20 days were attributable to the Commonwealth as normal progression of the case and did not change the adjusted run date.

At the pretrial conference on January 22, 2019, Mr. Pipkin rejected the Commonwealth's plea offer. The court then scheduled a hearing for 14 days later, on February 5, 2019. The 14-day delay from January 22, 2019, to February 5, 2019, was normal progression of the case. Thus, the adjusted run date remained November 12, 2019.

At the February 5, 2019 scheduling hearing, the trial court scheduled a jury trial to commence 104 days later, on May 20, 2019. This delay constituted normal progression of the case, and the adjusted run date did not change.

On April 12, 2019, Mr. Pipkin requested a continuance of his mental health status hearing until May 10, 2019. The court granted the continuance and Mr. Pipkin's trial date remained May 20, 2019.

On May 20, 2019, Mr. Pipkin requested a continuance of trial for further mental health evaluation. The court granted a 35-day continuance and scheduled a status hearing regarding Mr. Pipkin's competence to stand trial

for June 24, 2019. This 35-day delay was excludable time; the new adjusted run date became December 17, 2019.

At the June 24, 2019 conference, the court determined Mr. Pipkin was competent to stand trial and set a trial date of August 19, 2019, 56 days later. This 56-day delay, not attributable to the Commonwealth because it emanated from Mr. Pipkin's request for a mental health evaluation, caused the adjusted run date to become February 11, 2020.

On August 19, 2019, the Commonwealth requested a continuance of trial due to the unavailability of a civilian witness.[4] The court granted the continuance and rescheduled trial for 105 days later, on December 2, 2019. This 105-day delay was excludable time because the Commonwealth had subpoenaed the witness and the Commonwealth was not responsible for the witness's failure to appear; thus, the adjusted run date became May 26, 2020.

On December 2, 2019, the trial judge was unavailable, and the court continued trial to the next day. Although this delay was attributable to the court, there is no evidence that the Commonwealth was trial-ready, so the adjusted run date did not change. On December 3, 2019, following a "joint request" for a continuance, the court rescheduled trial to commence 49 days later, on January 21, 2020. Because Mr. Pipkin joined in the Commonwealth's

---

[4] The Commonwealth had sent the unavailable witness, as well as its other civilian witnesses, subpoenas on June 24, 2019. The trial court found that "the Commonwealth was diligent in subpoenaing their witnesses [sic]." Trial Ct. Op. 3/26/21, at 6.

- 10 –

request for a continuance, thereby indicating his approval of it, this 49-day delay was excludable time, and the adjusted run date became July 14, 2020.

On January 21, 2020, the Commonwealth requested a continuance of trial for "further investigation" so that it could obtain Mr. Pipkin's medical records and prepare a motion to consolidate the related cases against Mr. Pipkin.[5] The trial court granted the request and rescheduled trial to commence 70 days later, on March 31, 2020. This delay, caused by the Commonwealth's request for a continuance, is includable time and, therefore, the adjusted run date remained July 14, 2020.

The COVID-19 judicial emergency began on March 16, 2020, resulting in the closure of the trial courts. From the time the judicial emergency began on March 16, 2020, and Mr. Pipkin's scheduling conference on October 5, 2020, 203 days passed. This time is excludable because it was caused by events outside of the control of the Commonwealth, and the adjusted run date became February 2, 2021.

The trial court scheduled Mr. Pipkin's trial for October 22, 2020, well before the February 2, 2021 adjusted run date. Thus, on October 5, 2020, when Mr. Pipkin filed his pre-trial Petition to Dismiss the Information Pursuant to Pa.R.Crim.P. 600(A), the adjusted run date had not passed. Accordingly, the trial court abused its discretion in granting Mr. Pipkin's Petition and

_____

[5] The docket reflects that both the Commonwealth and Mr. Pipkin requested that the court continue trial for "further investigation."

- 11 –

dismissing the charges against him. We, therefore, reverse the court's Order and reinstate the charges.

Order reversed. Jurisdiction relinquished.

Judge King joins the memorandum.

Judge Stabile concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022